UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

-vs-                                                                 Case No.:  2:11-CR-1-FTM-36SPC

LOUIS MICHAEL PASQUAZZI
_____

**ORDER**

This matter comes before the Court on Defendant's Motion for Bond (Doc. #22) filed on March 29, 2011.  On April 5, 2011, the Court held a hearing on the Defendant's Change of Plea and the Defendant's Motion for Bond (Doc. 22).  Martin Derovenesian, Assistant Federal Public Defender, appeared on behalf of the Defendant.  Yolande Viacava, Assistant United States Attorney, appeared on behalf of the Government.

The Government proceeded by proffer and argued the Defendant is not a suitable candidate for bond.  Originally, the Defendant was found to be a danger to the community and a risk of flight and was denied release.  The Government argued the circumstances have not changed since the Defendant was originally remanded.  Given the Defendant's history of violence, prior criminal history, acts of violence towards his mother and concern over the willingness of his mother to act as a third party custodian, the Government does not feel release to the custody of his parents is appropriate.

The Defendant argued the Defendant's mother is present in the courtroom and willing to co-sign for the bond and act as third party custodian with Defendant's father.  The defense notes the Defendant's prior criminal history, however, the Defendant has successfully completed the terms and conditions imposed while on community control.  The Defendant is amenable to electronic

monitoring and will remain in the house unless otherwise permitted to leave. Further, the Defendant has significant familial ties to the community and should not be considered a risk of flight.

The Court has reviewed and considered the Indictment, the Pretrial Services Report, the proffers and argument of counsel, the Court's previous Order of Detention (Doc #11), the nature and circumstances of the offense, and the Defendant's personal characteristics. In considering the Court's previous Order (Doc. #11), the Court notes the only difference in the circumstances is that the Defendant's mother, previously unwilling to sign on a bond, has now appeared in Court and is willing to sign a bond and allow her son to reside in the home. However, despite the mother's newfound willingness to co-sign, the Court does not find that the previously stated reasons for remand would be alleviated based on the mother's change of heart. The facts remain that the Defendant's criminal history is significant, including a history of violence. The Court also notes the testimony of the Government's witness, Marie Fulop with the Lee County Sheriff's Office, whose contact with the Defendant resulted in inappropriate comments and threats. The Defendant has numerous crimes of dishonesty, which causes great concern as to whether the Defendant is capable of following any terms and conditions of release. The Court remains concerned with the Defendant's anger problem and his propensity to direct that anger towards his parents. Thus, the Court is not willing to subject the household to any possibility of danger.

The Court finds the Defendant continues to present a danger to the community. For these reasons, the Court finds that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required or the safety of any other person and the community.

Therefore it is **ORDERED** that the Defendant be detained pending sentencing.

Accordingly, it is now

**ORDERED:**

The Defendant's Motion for Bond (Doc. #22) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of April, 2011.

                                                   SHERI POLSTER CHAPPELL
                                                   UNITED STATES MAGISTRATE JUDGE

Copies: All parties of record